# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| GORDON SEES THE GROUND, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, C.C. EMERSON, LT. WIRSCHING, JOHN WEAVER, and TIM WILKINSON, <br><br> Defendants. | Cause No. CV 11-0044-GF-SEH-RKS <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS <br><br> (Defendants see D.Mont. L.R. 12.2) |

Pending is Plaintiff Gordon Sees the Ground, Jr.'s Amended Complaint. C.D. 6. By prior Order, the Court allowed Mr. Sees the Ground to file an amended complaint regarding his failure to protect claim. Mr. Sees the Ground amended both his failure to protect and his procedural due process claim regarding his disciplinary hearing. Mr. Sees the Ground's procedural due process claims regarding his disciplinary hearing still fail to state a claim upon which relief may be granted and will be recommended for dismissal. Mr. Sees the Ground's failure to protect claim will be served upon Defendants Emerson and Corrections Corporation of America (CCA).

## I. STATEMENT OF CASE

### A. PARTIES

Mr. Sees the Ground has named the same defendants in his Amended Complaint as in his original Complaint, except he has added Mr. Tim Wilkinson, Acting Warden and asks that Mr. Orlando Rodriguez be dismissed. C.D. 6, p. 3, 11. Accordingly, Defendant Rodriguez will be recommended for dismissal.

### B. FACTUAL ALLEGATIONS

The factual allegations were set forth in detail in the Court's first order and will not be repeated herein. To the extent Mr. Sees the Ground has provided additional factual allegations those will be included in the analysis of each claim.

## II. ANALYSIS

### A. Failure to Protect

Mr. Sees the Ground alleges he asked Defendant Emerson to remove him from E-Pod on three occasions before he was attacked on March 29, 2011. First, on March 14, 2011, Mr. Sees the Ground asked Defendant Emerson to remove him from E-Pod because his infirmary aid almost attacked him. C.D. 6, pp. 5, 7.

Secondly, on March 28, 2011, Mr. Sees the Ground was standing under a staircase when he felt very hot/boiling water spilled upon him by another inmate going up the stairs. After this incident, Mr. Sees the Ground was taken to medical. Lt. Wirsching investigated and ruled the incident an accident. After the incident

Mr. Sees the Ground again asked Defendant Emerson to remove him from E-Pod. C.D. 6, pp. 7-9.

Lastly, Mr. Sees the Ground alleges Defendant Emerson watched from pod control and overheard on the intercom as another inmate (who had been caught with a tattoo gun earlier that day) challenged Mr. Sees the Ground to a fight and accused him of snitching on him. C.D. 6, p. 7.

On March 29, 2011 during a shift change between 7:00 p.m. and 7:30 p.m., Mr. Sees the Ground allegedly was attacked and assaulted in his cell by another inmate. Mr. Sees the Grounds alleges he has had Polio since he was three-years old and was unable to defend himself. C.D. 6, p. 14. He contends that as a result of the assault his second degree burns were re-injured, he received a black eye, and kick marks on his neck, head, body, and arms. He alleges he is emotionally and mentally scarred, has nightmares, and is in fear of other attacks. C.D. 6, p. 8.

Mr. Sees the Ground's failure to protect claim is based on the assertions that Defendant Emerson was aware other inmates were calling him a snitch and Emerson had been advised of or had personal knowledge of three separate prior incidents of alleged violence. The Court cannot say this claim fails to state a claim upon which relief maybe granted and it will be served upon Defendant Emerson.

Similarly, Mr. Sees the Ground alleges Corrections Corporation of America

acted with deliberate indifference in failing to protect him from harm by neglecting to review incident reports and not training its employees on how to react to information gained through observation or other means of possible imminent danger to inmates. He contends CCA neglects its responsibilities toward inmate safety concerns in not monitoring it's employees possible indifference to the inmates' welfare. C.D. 6, p. 13.

As set forth in the Court's prior Order, the case of <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) has been extended to apply to private companies acting under color of state law such as Corrections Corporation of America. C.D. 4, pp. 15-16.

Therefore, Corrections Corporation of America can be held liable for an unconstitutional custom, policy or practice. Pursuant to <u>City of Canton v. Harris</u>, 498 U.S. 378 (1989), "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." <u>Id.</u> at 388. Mr. Sees the Ground has alleged that CCA was deliberately indifferent to his safety by not training its employees regarding how to protect inmates. Accordingly, this claim will be served upon Corrections Corporation of America.

**B. Disciplinary Claim**

It was previously found that Mr. Sees the Ground failed to state a claim regarding his disciplinary hearing because he had only received a sanction of ten days in the Special Management Unit. Ten days in segregation is not atypical or significant in comparison to inmates in protective custody or inmates whose placement has not yet been determined. Sandin v. Conner, 515 U.S. 472, 486 (1995) (30 days disciplinary segregation not "atypical" where no evidence that it was different from other kinds of segregation).

In his Amended Complaint, Mr. Sees the Ground attempts to revive this claim. He asserts that after the attack he was wrongfully charged with a major infraction for fighting and convicted by Lt. Wirsching. He alleges Lt. Wirsching violated his due process rights at his disciplinary hearing by being "deliberately indifferent to review evidence in my defense." C.D. 6, p. 10. He contends he was not guilty of the infraction. He contends the inmate who attacked him told another inmate it was the easiest fight he was in because Mr. Sees the Ground did not fight back. He contends Lt. Wirsching violated his due process rights by not attempting to question this witness.

As a result of his conviction, Mr. Sees the Ground was dismissed from the Medicine Wheel chemical dependency program, suffered a potential increase in points, a change in custody level, and a "big chance" of losing any potential for

parole. He alleges this may change his sentence and therefore due process applies.

As set forth in the Court's prior Order, to state a claim for a due process violation, a plaintiff must show (1) that he had a protected liberty interest, and (2) that he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. See e.g. Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

The Court in Sandin held that a liberty interest implicating the Due Process Clause only exists where the prisoner can demonstrate that the State action at issue would "inevitably affect the duration of his sentence." Sandin, 515 U.S. at 487. Because "[t]he chance that a finding of misconduct will alter the balance [at his parole hearing] is simply too attenuated to invoke the procedural guarantees of the

Due Process Clause," the Court found that the prisoner did not have a protected liberty interest. Id.

Mr. Sees the Ground's allegation that there is a "big chance" of losing any potential for parole is simply insufficient to meet the Sandin test that the disciplinary hearing at issue will "inevitably affect the duration of his sentence." Sandin, 515 U.S. at 487.

Mr. Sees the Ground cannot show he had a liberty interest in avoiding placement in the Special Management Unit for ten days. See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003)("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.")(citing Sandin, 515 U.S. at 486). Therefore, it is irrelevant whether Mr. Sees the Ground received adequate due process protections, because he was not constitutionally entitled to due process. All due process claims against Lt. Wirsching will be recommended for dismissal.

### C. Supervising Officials Wilkinson and Weaver

To the extent Mr. Sees the Ground seeks supervisory liability against Officers Weaver and Wilkinson, his allegations fail to state a claim. Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability may not be imposed

under § 1983 against supervisory personnel for the actions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49. Instead, supervising officers can be held liable under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

Mr. Sees the Ground alleges Acting Warden Tim Wilkinson violated his due process rights by not investigating Defendant Emerson's and Defendant Wirschings' conduct. C.D. 6, p. 11. He contends Defendant Weaver failed to investigate his subordinates' misconduct. C.D. 6, p. 12.

The only claims against Defendant Weaver arise from his denial of what appears to be a grievance appeal regarding his disciplinary hearing. As set forth above, Mr. Sees the Ground's procedural due process claims fail to state a claim upon which relief may be granted. Therefore, his supervisory claims arising from his disciplinary hearing also fail as a matter of law.

Moreover, Mr. Sees the Ground's allegations do not establish a claim of

supervisory liability. If a constitutional violation is complete, and a supervisory grievance reviewer is simply making a determination on whether the prison should provide a remedy for a past violation, the supervisory grievance reviewer has no part in causing the constitutional violation. "There is no legitimate claim of entitlement to a [prison] grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); see also Sandin, 515 U.S. 472 (noting that liberty interests are generally limited to freedom from restraint). Therefore, Mr. Sees the Ground cannot state a claim against Defendants Wilkinson and Weaver for failing to investigate and denying grievances regarding past violations. Those claims will be recommended for dismissal.

## III. CONCLUSION

Mr. Sees the Ground did not name Defendant Orlando Rodriguez in his Amended Complaint and asked that he be dismissed. Accordingly, Defendant Rodriguez will be recommended for dismissal.

Mr. Sees the Ground failed to state a claim upon which relief could be granted against Defendants Wirsching, Wilkinson, and Weaver and his due process claims fail to state a claim. These are not defects which could be cured by the allegation of additional facts. Accordingly, Defendants Wirsching, Wilkinson, and

Weaver and all due process claims will be recommended for dismissal.

Dismissal of the failure to protect claim against Defendants Emerson and Corrections Corporation of America is not appropriate at this time and these Defendants must make an appearance in this matter. The Court makes no conclusions about the truth of Mr. Sees the Ground's allegations or about the strength of this claim or of the evidence Mr. Sees the Ground might offer to corroborate it. The Court only finds that Mr. Sees the Ground said enough to require a response from Defendants Emerson and Corrections Corporation of America on the failure to protect claim.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants Emerson and Corrections Corporation of America to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants Emerson and Corrections Corporation of America choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within <u>60 days after the</u>

---

[1] As Defendants Rodriguez, Wirsching, Wilkinson, and Weaver are recommended for dismissal, they do not need to file a responsive pleading at this time.

<u>entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Chad E. Adams
Browning Kaleczyc Berry & Hoven
PO Box 1697
Helena, MT 59624-1697

* Complaint C.D. 2;

* Court's Order of August 16, 2011 C.D. 4;

* Amended Complaint C.D. 6;

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. <u>See</u> D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

    5.  Plaintiff <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

    6.  At all times during the pendency of this action, Mr. Sees the Ground SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Sees the Ground has

been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Defendants Rodriguez, Wirsching, Wilkinson, and Weaver and all procedural due process claims arising from Mr. Sees the Ground's disciplinary hearing should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Sees the Ground may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of December, 2011.

          /s/ *Keith Strong*
          Keith Strong
          United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: Chad E. Adams
      Browning Kaleczyc Berry & Hoven
      PO Box 1697
      Helena, MT 59624-1697

     A lawsuit has been commenced by a pro se plaintiff against C.C. Emerson and Corrections Corporation of America. A copy of the Complaint and Amended Complaint are attached to this notice. They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-11-44-GF-SEH-RKS. The Court has completed its pre-screening and concludes Defendants Emerson and CCA must file a responsive pleading. See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

     If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                      */s/ Keith Strong*
                                      Keith Strong
                                      United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

    The following Defendant acknowledges receipt of your request that he waive service of summons in the following action:  <u>Sees the Ground v. Emerson, et al.</u>, Civil Action No. CV-11-44-GF-SEH-RKS filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

    The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    I decline to waive service on behalf of the following Defendant:

_____; _____;

_____; _____;

_____       _____
DATE                                   SIGNATURE

                                           _____
                                           PRINTED/TYPED NAME

                                           _____

                                           _____
                                           ADDRESS