# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| GORDON SEES THE GROUND, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONS CORPORATION OF AMERICA, and C.C. EMERSON, <br><br> Defendants. | Cause No. CV 11-0044-GF-SEH-RKS <br><br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR PRELIMINARY INJUNCTION |

## Synopsis

Plaintiff Gordon Sees the Ground has moved for Preliminary Injunctive Relief Against Defendant Corrections Corporation of America ("CCA"). C.D. 29. Mr. Sees the Ground has not demonstrated that he is entitled to injunctive relief, and the motion should be denied.

## Jurisdiction

This motion is filed in conjunction with an underlying suit in which Mr. Sees the Ground alleges Defendants failed to protect his safety, in violation of the 8th Amendment of the United States Constitution. C.D. 6; C.D. 10. The

1

underlying suit invokes federal question jurisdiction. 28 U.S.C. § 1983; 28 U.S.C. § 1331. The case was referred to this Court in compliance with Local Rule 73.1. A Magistrate Judge cannot rule on a Motion for Injunctive Relief, but may submit Findings and Recommendations to the District Judge. 28 U.S.C. § 636(b)(1).

## Status

Mr. Sees the Ground sued the Defendants on a § 1983 claim, asserting the Defendants failed to protect him from his infirmary aide, who attacked him. C.D. 6. That claim remains pending, and discovery is ongoing. C.D. 27.

## Facts

Mr. Sees the Ground contends CCA is denying him the assistance of an infirmary aide and is thus being deliberately indifferent to his serious medical needs in violation of CCA's contract with the policies of the Montana Department of Corrections, the Americans with Disabilities Act, and the Eighth Amendment of the United States Constitution. He contends he "has good reason to believe" that CCA is acting in retaliation for his filing this lawsuit. C.D. 29.

## Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "The proper legal standard for preliminary injunctive relief

requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)(quoting Winter, 555 U.S. at 20).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. "Where a party seeks mandatory preliminary relief that goes well beyond maintaining the status *quo pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984). An award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. Id.

Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. Gilmore v. People of the State of California, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison

3

administrators to do more than the constitutional minimum." Gilmore, 220 F.3d at 999.

Mr. Sees the Ground alleges he has been denied an infirmary aide since June 2012 but he has been receiving the help of "volunteers." He does not indicate what services an infirmary aide provides him or why he would be likely to suffer irreparable harm without such an aide. Mr. Sees the Ground alleges he was told he would not be entitled to an infirmary aide by a staff member on September 10, 2012, just three days prior to filing his motion. C.D. 29, pp. 2-3.

The conduct Mr. Sees the Ground seeks to enjoin is not related to the underlying lawsuit. Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. An injunction is inappropriate to address matters "lying wholly outside the issues in the suit." DeBeers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); see also Little v. Jones, 607 F.3d 1245, 1250–51 (10th Cir. 2010); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); Colvin v. Caruso, 605 F.3d 282,

4

299–300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim).

The only claim remaining in this case is Mr. Sees the Ground's allegations of failure to protect. C.D. 6, p. 5. That claim asserts that prison officials ignored Mr. Sees the Ground's request to remove his infirmary aide, who was violent. In his motion for a preliminary injunction, Mr. Sees the Ground alleges he is being improperly denied an infirmary aid. He seeks an order requiring his transfer back to Montana State Prison and to be provided with a copy of all records regarding his disability. C.D. 29, pp. 3-4.

Mr. Sees the Ground is seeking relief beyond what was pled in the Complaint. While the Complaint and request for injunctive relief both relate to infirmary aides, they allege opposite and unrelated conduct: failure to removed an aide and failure to provide an aide, respectively. C.D. 6; C.D. 29. He may not file a complaint in federal court and then use the action as a forum for airing unrelated grievances concerning his incarceration. Such complaints are properly addressed through the prison grievance system, and if they remain unresolved, by filing a new civil rights action.

It is **RECOMMENDED:**

Mr. See the Ground's Motion for Grant of Immediate Preliminary Injunctive

Relief Against Defendant Corrections Corporation of America (C.D. 29) should be denied.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Sees the Ground may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Sees the Ground files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Sees the Ground from relying on that fact or argument at a later stage of the proceeding. A district judge will review those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings

and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this <u>15th</u> day of October, 2012.

<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge